UNITED STATES DISTRICT COURT ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DERRICK HATCHER, : MEMORANDUM
: AND ORDER
                Petitioner, :
:
    -against- : 10-CV-782 (JG)
:
PHILIP D. HEATH, :
:
                Respondent. :
---------------------------------------------------------------X

A P P E A R A N C E S:

    DERRICK HATCHER,
        # 06-A-6297
        Upstate Correctional Facility
        309 Bare Hill Road
        P.O. Box 2001
        Malone, NY 12953
        *Petitioner*, pro se

    CHARLES J. HYNES
        District Attorney
        Kings County
        350 Jay Street
        Brooklyn, NY 11201
    By:    Judith C. Aarons
        Shulamit Rosenblum Nemec
        Leonard Joblove
        *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Derrick Hatcher, a prisoner incarcerated at Upstate Correctional Facility, has filed a petition for a writ of habeas corpus, seeking relief under 28 U.S.C. § 2254 from a judgment of the New York State Supreme Court, Kings County. Oral argument, at which Hatcher appeared by videoconference, was heard on July 8, 2010. Subsequent to filing his habeas petition, Hatcher

filed a motion in state court under New York Criminal Procedure Law § 440 raising new claims not originally included in his habeas petition. At Hatcher's request, I deemed his habeas petition amended to include these new claims, none of which has been exhausted in state court. The state's response to Hatcher's § 440 motion is due September 10, 2010.

Federal habeas relief from a state court conviction generally may not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The incorporation of these new claims makes Hatcher's petition a "mixed petition" containing exhausted and unexhausted claims. Faced with such a petition, I have the discretion to deploy the stay-and-abeyance procedure developed by the Second Circuit in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), and endorsed, with some modifications, by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). Under this procedure, a district court may stay consideration of the exhausted claims and hold the petition in abeyance while the petitioner exhausts the unexhausted claims in state court. If the district court simply dismisses the petition, it may be too late under AEDPA's one-year statute of limitation to raise the unexhausted claims once they have been exhausted. The stay-and-abeyance procedure preserves the possibility of federal review of the unexhausted claims.

Admittedly, this case presents a close call under *Rhines*. The Supreme Court noted that there is little point in delaying the resolution of a habeas petition if unexhausted claims have no prospect of success once they are exhausted. 544 U.S. at 277. However, in light of AEDPA's stringent rules barring successive habeas petitions and its one-year statute of limitation, I resolve such a borderline case in petitioner's favor. The petition is stayed and held in abeyance pending exhaustion of the claims raised in Hatcher's §440 motion.

CONCLUSION

For the reasons stated above, the petition for habeas corpus is stayed and held in abeyance pending exhaustion of Hatcher's claims. Hatcher is ordered to notify this court within thirty days after the claims raised in his § 440 motion have been exhausted in the state courts.

.

So ordered.

John Gleeson, U.S.D.J.

Dated:      August 27, 2010
               Brooklyn, New York